# EXHIBIT A

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name:     **Daniel P. Lieber v Marquis Management, LLC, et al**
Case Number:   **218-2021-CV-01124**

Date Complaint Filed: November 05, 2021
A Complaint has been filed against Marquis Management, LLC; Select Demo Services, LLC in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| December 24, 2021 | Daniel P. Lieber shall have this Summons and the attached Complaint served upon Marquis Management, LLC; Select Demo Services, LLC by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| January 14, 2022 | Daniel P. Lieber shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Marquis Management, LLC; Select Demo Services, LLC must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**It is further ordered that plaintiff cause Human Rights Commission to transfer to the Superior Court a Certified copy of the Human Rights proceedings within 30 days of service. RSA 354-A:22,II (a).**

**Notice to Marquis Management, LLC; Select Demo Services, LLC:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| Lauren Simon Irwin, ESQ | Upton & Hatfield LLP 10 Centre St PO Box 1090 Concord NH 03302-1090 |
| Heather M. Burns, ESQ | Upton & Hatfield LLP 10 Centre St PO Box 1090 Concord NH 03302 |
| Marquis Management, LLC | One Delaware Drive Salem NH  03079 |

NHJB-2678-Se (07/01/2018)

Select Demo Services, LLC          40 Lowell Road Salem NH  03079

BY ORDER OF THE COURT

November 09, 2021                                    Jennifer M. Haggar
Clerk of Court

 (126564)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court                          Telephone: 1-855-212-1234
Rockingham Cty Courthouse/PO Box 1258             TTY/TDD Relay: (800) 735-2964
Kingston NH  03848-1258                           http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:        **Daniel P. Lieber v Marquis Management, LLC, et al**
Case Number:      **218-2021-CV-01124**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Rockingham Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Rockingham Superior Court** as the location.

3. Select "I am filing into an existing case".  Enter **218-2021-CV-01124** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically <u>to the email address you provide</u>.

A person who is filing or defending against a Civil Complaint will want to be familiar with the <u>Rules of the Superior Court</u>, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

Filed
File Date: 11/5/2021 9:42 AM
Rockingham Superior Court
E-Filed Document

STATE OF NEW HAMPSHIRE

ROCKINGHAM                                                    SUPERIOR COURT

Daniel P. Lieber, Plaintiff

v.

Marquis Management, LLC and
Select Demo Services LLC, Defendants

Case No. 218-2021-CV-01124
_____

## COMPLAINT

## JURY TRIAL DEMANDED

## PARTIES

1.      Plaintiff, Daniel P. Lieber, resides at One Elm Street, Wakefield, MA  01880.

2.      Defendant, Marquis Management, LLC (hereinafter "Marquis"), is a domestic corporation with a principal office address of One Delaware Drive, Salem, NH  03079.

3.      Defendant, Select Demo Services, LLC is (hereinafter "Select Demo") is a domestic corporation with a principal office address of 40 Lowell Road, Salem, NH  03079.

## JURISDICTION

4.      At all times relevant hereto, each Defendant has engaged in an industry affecting commerce and has had more than 15 employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

5.      Mr. Lieber's claims arise under the Americans with Disabilities Act of 1990 ("ADA"), Public Law No. 101-336, 42 U.S.C. §12101, *et seq*., and as amended (ADAAA), N.H. RSA 354-A, N.H. RSA 275-E, RSA 275:44, and New Hampshire common law.

1

6.      Venue is proper, as Marquis Management, LLC and Select Demo Services, LLC, are both foreign for-profit corporations registered to do business in New Hampshire, and the unlawful acts complained of were committed within the state of New Hampshire.

7.      On or about April 19, 2021, Mr. Lieber filed a Charge of Discrimination (hereinafter "Charge") with the New Hampshire Human Rights Commission and the Equal Employment Opportunity Commission, in accordance with the requirements of 42 U.S.C. §12101 *et seq.* and RSA 354-A.

8.      Mr. Lieber's Charge was filed with the New Hampshire Human Rights Commission and the Equal Employment Opportunity Commission within 180 days after the unlawful employment acts were committed.

9.      On or about October 25, 2021, more than 180 days having elapsed since the filing of his Charge, the Equal Employment Opportunity Commission issued Mr. Lieber a Notice of Right to Sue with respect to his Charge, thus satisfying the procedural prerequisites established by 42 U.S.C. §12101, *et seq.*  (*See* Exhibit A, Notice of Right to Sue, attached hereto and incorporated herein by reference).

10.     This Complaint is filed less than 90 days after receipt of the Notice of Right to Sue, dated October 25, 2021 (as attached).

11.     Mr. Lieber brings this lawsuit against both Marquis Management, LLC and Select Demo Services, LLC because, upon information and belief, they constitute a "single integrated employer."

12.     Upon information and belief, during Mr. Lieber's employment, Marquis Management, LLC had centralized control over Select Demo Services, LLC's labor relations, there was interrelation between operations of Marquis Management, LLC and Select Demo

2

Services, LLC, there was common management between Marquis Management, LLC and Select Demo Services, LLC, and there was common ownership between Marquis Management, LLC and Select Demo Services, LLC.

13.     The "single employer doctrine" allows "two nominally separate companies" to be subject to liability where the companies are "so interrelated that they constitute a single employer subject to liability." *Torres-Negron v. Merck & Co., Inc*., 488 F.3d 34, 40-41 (1st Cir. 2007) (applying single employer test to determine liability under Title VII and ADA).

14.     Courts consider the following four factors to determine whether two or more entities count as a single employer under the ADA in the widely recognized integrated-enterprise test:  (i) "centralized control over labor relations"; (ii) "interrelation between operations";  (iii) "common management"; and (iv) "common ownership."  "Two entities may be considered to be a single employer under the integrated enterprise test if there is sufficient interrelation of operations, common management, centralized control of labor decisions, and common ownership." *Torres-Negron* at 42 & n. 8 (citing *Romano v. U-Haul Int'l*, 233 F.3d 655, 662 (1st Cir. 2000)).  *See also Burnett v. Ocean Properties, Ltd*., 987 F.3d 57 (1st Cir. 2021).

15.     Upon information and belief, Marquis Management, LLC and Select Demo Services, LLC will meet the test for applicability of the single integrated employer doctrine.

## FACTS

16.     Mr. Lieber was hired as an employee of Marquis in September 2018.

17.     During his employment with Marquis, he held the position of Chief Information Officer ("CIO").

18.     In Mr. Lieber's role as CIO, he was paid an annual salary of $190,000, plus he had significant benefits, including, but not limited to, 100% match of 401(k) contributions,

health insurance (approx. $23,818.08/year), dental insurance (approx. $1,725.36/year), vision insurance (approx. $160.32/year), long term disability insurance, term life insurance, cell phone reimbursement ($600/year), training, paid time off (15 days, or $10,961.54/year), and annual bonuses of $15,000 and $3,653.85 (equivalent to five days; a discretionary bonus given toward the end of the year).

19.     Mr. Lieber was authorized to hire BC[1] in or about September 2020.

20.     He hired her to the position of Senior Technical Support & Network Specialist; however, his expectation was that within six to twelve months, she would be promoted to Manager of the Help Desk staff, including at the 40 Lowell Road, Salem, NH, location.

21.     BC has a disability; specifically, a severe mobility limitation.  As a result, she cannot walk far, wears leg braces, and cannot walk up or down stairs safely beyond a single stair with handrails on both sides.

22.     On or about November 23, 2020, Mr. Lieber's immediate supervisor, Christopher Moore, the Chief Financial Officer ("CFO") of Marquis and Ryan Dogil, Planning Director for Select Demo, stated that the IT support services area for 40 Lowell Road would be moved to a second-floor cubicle space from the existing very small 1st floor secure and accessible office. There is no elevator at 40 Lowell Road.

23.     Mr. Moore proposed that as an accommodation, BC use a shared conference room on the first floor of the office at 40 Lowell Road, Salem, NH, or be prohibited from entering the building.

24.     On or about November 23, 2020, during a conversation with Mr. Moore, Mr. Lieber objected to Marquis's proposed accommodation, because he knew that even if BC

---

[1] Mr. Lieber is using the employee's initials at this time to protect the employee's privacy.

reserved the conference room, the reservation would not be honored, and she would not always be able to use that shared space to do her job, as there was no reservation system that was honored consistently, and there was a consistent expectation by employees at the location that they could, and would, use the conference room on demand.

26. 25. Mr. Lieber also objected to the proposed accommodation because the proposed conference room did not have accessible power or an accessible monitor or keyboard, physical network access, phone setup, secure work area, private work area, or technical supplies.

26. After Mr. Lieber raised the issues about BC's workspace to Mr. Moore, Mr. Moore told Mr. Lieber that he should not have recommended a change in BC's work area, because that was an ADA matter. Mr. Moore told Mr. Lieber not to get involved in anything HR related. Mr. Lieber responded that his job was to advocate for the needs of employees he supervised, and he was aware of this issue and had discussed BC's needs and accommodations with her in person. Mr. Moore and Mr. Watkins were aware that Mr. Lieber had previously requested reasonable ADA accommodations for BC at One Delaware Drive, which were provided in early October 2020; specifically, dual handrails on either side of a single step raised landing in the middle of the building.

27. Mr. Moore told Mr. Lieber that BC was not responsible for performing any work at 40 Lowell Road, Salem, NH, which was the building that did not have an elevator. However, Mr. Lieber told Mr. Moore that that was untrue.

28. It was very clear to Mr. Lieber that Marquis and, particularly, Mr. Moore, were upset that Mr. Lieber had raised this ADA issue to the company on behalf of Mr. Lieber's immediate subordinate employee, BC.

5

29.     Mr. Lieber was terminated by Marquis on December 1, 2020.  This was less than two weeks after he had raised the ADA issue on behalf of BC to Marquis.

30.     In addition, throughout October and November 2020, Mr. Lieber made reports to Marquis Group management about unsafe working conditions and other OSHA violations at various Marquis Group companies, including, but not limited to, the following:

(1)     On November 19, 2020, numerous employees, with the tacit consent of management, held a party on company premises that included free-flowing alcohol, employees congregating in close contact without masks (in an area of the building that other employees needed to walk through to get to their vehicles), and exceeding the allowable limits for personnel to congregate together, all in violation of the New Hampshire COVID-19 restrictions on gatherings.  Mr. Lieber personally experienced those unsafe working conditions, which he ultimately formally reported to the Human Resources Director, Scott Watkins, Mr. Moore, and the Safety Director, Sebastian Brooks.  Mr. Lieber made these reports because he was concerned about his own personal health and safety and the health and physical safety of the employees of the Defendants.

(2)     On or about November 23, 2020, Mr. Lieber filed a safety report to management regarding an actively ill employee working in an office at 13-15 Delaware Drive, Suite 3, Salem, NH, without a mask.  On November 24, 2020, Mr. Lieber notified Scott Watkins, Director of HR, by mobile text messaging, that a member of Mr. Lieber's team had heard about a person with active COVID-19 at 40 Lowell Road who was continuing to work.  Mr. Watkins responded to Mr. Lieber's text summarily dismissing the concerns he had raised.  Later that day, Mr. Watkins came to Mr. Lieber's work area and said that there were two known cases of COVID in the 40 Lowell Road building, and sent everyone in the 40 Lowell Road building home

(thereby legitimizing the very concerns Mr. Lieber had raised earlier that morning).  Mr. Lieber also verbally raised concerns about employees with COVID-19 symptoms and/or COVID-19, and his concerns were again rebuffed.  As described herein, Mr. Lieber's concerns were dismissed and/or rebuffed by the responsible safety managers at Marquis Management, LLC and related companies.

(3)    Over the course of Mr. Lieber's employment, he filed additional safety reports to management, including reports about blatant tripping hazards caused by improper extension cord usage (to Sebastian Brooks), and proper fall prevention equipment requests for areas where a person would be prone to falling (this resulted in training for the IT Team, including Mr. Lieber).

31.    Mr. Lieber believes that one of the motivating factors resulting in his termination was retaliation against him for his reporting of the safety issues outlined above.

32.    During Mr. Lieber's termination meeting on December 1, 2020, with Mr. Moore and Mr. Watkins, Mr. Lieber was told he was being terminated for "culture."  Mr. Lieber asked whether he was being terminated because he stood up for his employee who was having an issue with accessibility.  Neither Mr. Moore nor Mr. Watkins responded to Mr. Lieber's question.

33.    Subsequent to Mr. Lieber's termination from Marquis, he learned that on or about January 14, 2021, Respondent removed the disability accessible office that BC used at 40 Lowell Road, Salem, NH.

34.    It is Mr. Lieber's understanding that BC had previously notified Defendants in writing about accommodations that she was requesting on or about January 14, 2021.

35.     In addition, Mr. Lieber understands that BC had meetings with Mr. Moore, who was her interim manager, and Mr. Watkins, on or about January 18, 2021 and January 25, 2021, on the topic of accommodations, after which the issue remained unresolved.

36.     Mr. Lieber also learned that on or about March 2, 2021, Defendants removed the sole handicap placarded space at One Delaware Drive, Salem, NH, where BC's primary office was located.

37.     Mr. Lieber also understands that BC brought up the issue of requested accommodations to her new manager (following Mr. Lieber's termination), Mr. Michael Fruhbeis, Vice President of Information Technology, at a meeting on or about March 2, 2021.

38.     Mr. Lieber also learned that on March 11, 2021, when BC tried to attend a meeting being held at 40 Lowell Road, Salem, NH, she had to double park in an active driveway (which may also be an unmarked fire lane) and had to take a planned meeting in her car because no accessible office was available for her meeting.

39.     It is Mr. Lieber's understanding that BC intended to raise a complaint on March 15, 2021, about Defendants failure to reasonable accommodate her, as she already had a planned meeting with her manager.

40.     However, two business days after BC was unable to attend a meeting at 40 Lowell Road, Salem, NH, as the result of a lack of accommodation, she was terminated by Marquis on March 15, 2021.

41.     Mr. Lieber believes that Marquis terminated his employment on December 1, 2020, in part, because of his relationship and/or association with BC, a person with a known disability and in retaliation for his opposing disability discrimination against BC.

42.     On November 23, 2021, a week prior to his termination, Mr. Lieber received an annual bonus in the amount of $3,653.85.

43.     Immediately after Mr. Lieber's termination, he asked Ryan Denver, a senior manager and equity owner of Select Demo, and Randy Scott, Senior Vice President of Select Demo, to provide him with a reference, and they agreed to do so.  Mr. Lieber had worked with and/or for Mr. Denver and Mr. Scott who had been complimentary of his work.

44.     Marquis was aware that Mr. Lieber planned to bring legal action against Marquis following his termination, because he communicated those legal claims directly to Marquis on the heels of his termination (but after Ryan Denver and Randy Scott had agreed to serve as references for him).

45.     On or about December 11, 2020, only a few days following receipt of a request for reference by Ryan Denver and Randy Scott, who had offered to be references consistent with existing company practices, Marquis and/or Select Demo retaliated against Mr. Lieber by changing their formal policy prohibiting all references for prior employees.

46.     Mr. Lieber filed a complaint against Defendants with OSHA on December 30, 2021.[2]

47.     On or about March 9, 2021, a recruiter requested a reference for Mr. Lieber from Randy Scott, a manager of Select Demo who previously offered to be a reference.  It is Mr. Lieber's understanding that Mr. Scott referred the recruiter to Mr. Watkins in HR, and Mr. Watkins, a management-level employee of Marquis, refused to provide a reference.

48.     Defendants admitted in their response to Mr. Lieber's Charge of Discrimination filed at the New Hampshire Human Rights Commission that "…Mr. Watkins did not feel

---

[2] He withdrew his OSHA complaint in order to pursue a whistleblower complaint in court.

comfortable providing Complainant with a reference due to a pending OSHA Complaint

Complainant filed against Marquis Management.  Complainant later withdrew this Complaint."

Thus, Defendants have admitted that their reason for not providing Mr. Lieber with the promised

reference was retaliation for his having filed a complaint against Defendants with the

Occupational Safety and Health Administration ("OSHA").

49.     Since Mr. Lieber's unlawful termination, he has been unable to secure alternative,

comparable employment and, thus, has incurred lost wages and benefits and will continue to

incur lost wages and benefits.

50.     In addition, as a result of his discriminatory and retaliatory termination, Mr.

Lieber has suffered emotional distress and will continue to suffer such emotional distress in the

future.

51.     Finally, Mr. Lieber has incurred and will continue to incur attorneys' fees and

costs related to the unlawful termination of his employment.

## COUNT I
## ASSOCIATIONAL DISCRIMINATION IN VIOLATION OF ADA/ADAAA

52.     Mr. Lieber re-alleges and incorporates herein by reference, all of the allegations

contained in the preceding paragraphs.

53.     The ADA/ADAAA makes it unlawful for an employer to exclude or otherwise

deny equal jobs or benefits to a qualified individual because of the known disability of an

individual with whom the qualified individual is known to have a relationship or association.  42

U.S.C. §12112(b)(4).

54.     Mr. Lieber was discriminated against by the Defendants because of his known

relationship with BC, his then subordinate, who has a known disability, in violation of the

ADA/ADAAA as described herein.

55.     Mr. Lieber was qualified for his job at the time of the adverse employment action (the termination of his job on December 1, 2020).

56.     Mr. Lieber was subjected to adverse employment action (the termination of his job on December 1, 2020).

57.     Mr. Lieber was known at the time to have an associate with a disability (his subordinate, BC).

58.     The adverse employment action (termination of Mr. Lieber's job on December 1, 2020) occurred under circumstances raising a reasonable inference that the disability of his associate (his subordinate, BC) was a determining factor in the Defendant's decision to terminate his employment.

59.     In terminating Mr. Lieber, the Defendants acted with malice and/or with reckless indifference to Mr. Lieber's federally protected rights.

60.      As a direct and proximate result of the Defendants' unlawful and discriminatory actions, Mr. Lieber has suffered damages, back pay and benefits, front pay and benefits, and lost future earnings and benefits, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, punitive damages, pre- and post-judgment interest, and attorneys' fees and costs.

## COUNT II
## ASSOCIATIONAL DISABILITY DISCRIMINATION IN VIOLATION OF RSA 354-A

61.     Mr. Lieber re-alleges and incorporates herein by reference, all of the allegations contained in the preceding paragraphs.

62.     As described herein, Mr. Lieber was discriminated against by the Defendants in violation of New Hampshire RSA 354-A because he was known to the Defendants to have an associate (his subordinate, BC), who has a known disability.

11

63.     The discrimination of Mr. Lieber in violation of RSA 354-A culminated in the unlawful termination of his employment on December 1, 2020 as described herein.

64.     As a direct and proximate result of the violation of the Plaintiff's rights secured under RSA 354-A, as stated herein, the Plaintiff has incurred damages in the form of back pay and benefits, front pay and benefits, and lost future earnings and benefits, compensatory damages, enhanced compensatory damages, and attorneys' fees and costs.

**COUNT III**
**RETALIATION –ADA/ADAA**

65.     Mr. Lieber re-alleges and incorporates herein by reference, all of the allegations contained in the preceding paragraphs.

66.     On the heels of Plaintiff reporting disability discrimination toward BC, his subordinate, to the Defendants, and advocating for appropriate reasonable accommodation, he was subjected to retaliation by Defendants, as described throughout the Complaint, culminating in termination of his employment on December 1, 2020.

67.     As a result of Defendants' actions as described herein, the Defendants willfully violated the ADA/ADAA.

68.     As a direct and proximate result of the Defendants' violation of the Plaintiff's rights secured under 42 U.S.C. §12111 *et seq.*, as stated herein, the Plaintiff has incurred damages in the form of back pay and benefits, front pay and benefits, and lost future earnings and benefits, compensatory damages, punitive damages, and attorneys' fees and costs.

**COUNT IV**
**RETALIATION – RSA 354-A**

69.     Mr. Lieber re-alleges and incorporates herein by reference, all of the allegations contained in the preceding paragraphs.

70.     As described more particularly in Count III above, the Defendants' unlawful retaliation against Plaintiff for reporting disability discrimination against a disabled person, BC, and advocating for appropriate reasonable accommodation, violates N.H. RSA 354-A:7, I.

71.     As a direct and proximate result of the violation of the Plaintiff's rights secured under RSA 354-A, as stated herein, the Plaintiff has incurred damages in the form of back pay and benefits, front pay and benefits, and lost future earnings and benefits, compensatory damages, enhanced compensatory damages, and attorneys' fees and costs.

## COUNT V
## WRONGFUL TERMINATION

72.     Mr. Lieber re-alleges and incorporates herein by reference, all of the allegations contained in the preceding paragraphs.

73.     Mr. Lieber was wrongfully terminated from his employment in violation of public policy for taking actions that public policy would encourage, namely, for reporting concerns of unsafe and/or illegal practices, as described herein.  *Cloutier v. Great Atlantic & Pac. Tea Co., Inc.*, 121 N.H. 915 (1981).

74.     The Defendants' wrongful termination of Mr. Lieber's employment was motivated by bad faith, retaliation, and malice.  *Wenners v. Great State Beverages*, 140 N.H. 100, 103 (1995), *cert. denied*, 516 U.S. 1119 (1996).

75.     As a result of the wrongful termination of his employment, Mr. Lieber has suffered, and continues to suffer, substantial injury and damage, including, but not limited to, back pay and benefits, front pay and benefits, and lost future earnings and benefits, physical pain and suffering, emotional distress, and enhanced compensatory damages for the wanton, oppressive, and malicious actions of Defendants, all within the jurisdictional limits of this Court.

**COUNT VI**
**VIOLATIONS OF RSA 275-E:2**

76.     Mr. Lieber re-alleges and incorporates herein by reference, all of the allegations contained in the preceding paragraphs.

77.     The Defendants harassed, abused, intimidated, and discharged Mr. Lieber because he, in good faith, reported what he reasonably believed were violations of laws or rules adopted under the laws of New Hampshire, a political subdivision of this state, or the United States, in relation to the COVID-19 pandemic and other safety matters, as described herein.

78.     In addition, the Defendants retaliated against Mr. Lieber by failing to provide him with an employment reference (which Defendants had previously agreed to do) when they learned that he planned to bring and/or had brought legal claims against the Defendants (letters communicating his intention to bring legal claims and/or his filing of a complaint with OSHA).

79.     As a result of Mr. Lieber's good-faith actions, the Defendants wrongfully harassed, abused, and/or intimidated Mr. Lieber, and terminated his employment, and Mr. Lieber has suffered, and continues to suffer, substantial injury and damage, and seeks relief including, but not limited to, reinstatement, back pay, and reasonable attorneys' fees and costs, all within the jurisdictional limits of this Court pursuant to RSA 275-E:2, II.

**COUNT VII**
**CLAIM FOR UNPAID WAGES IN VIOLATION OF RSA 275:44**

80.     Mr. Lieber re-alleges and incorporates herein by reference, all of the allegations contained in the preceding paragraphs.

81.     At the time of Mr. Lieber's termination by the Defendants, the Defendants underpaid Paid Time Off ("PTO") to Mr. Lieber to which he was entitled and refused to pay it after Mr. Lieber made a demand for payment to Defendants, in writing.

82.     Specifically, Mr. Lieber submits that he is owed $22,014.42 in unpaid wages for PTO.

83.     These wages were due to Mr. Lieber upon his termination, pursuant to Defendants' policies regarding PTO.

84.     Specifically, the Employee Handbook that was in place as of the end of Mr. Lieber's employment with the Defendants provided that "…unused paid time off for each year accrues to employees."  Moreover, the Handbook on p. 19, provides that "Full-time regular employees accrue 2.31 hours per pay period resulting in 120 hours of PTO annually" and further states that "Any accrued but unused PTO will be paid out at the time of separation…"

85.     Mr. Lieber made demand for payment on the Defendants, by correspondence dated December 8, 2020.

86.     Despite Mr. Lieber's written demand for payment, the Defendants never paid the additional PTO due to Mr. Lieber and, therefore, Mr. Lieber is due unpaid wages in the amount of $22,014.42, pursuant to RSA 275:44.

87.     In addition, Mr. Lieber is owed liquidated damages pursuant to RSA 275:44, IV.

88.     RSA 275:44, IV provides that an employer who willfully and without good cause fails to pay an employee wages as required under paragraph I, II or III of this section, such employer shall be additionally liable to the employee for liquidated damages in the amount of ten percent of the unpaid wages for each day except Sunday and legal holidays upon which such failure continues after the day upon which payment is required or in an amount equal to the unpaid wages, whichever is smaller.

89.     Based upon the circumstances of this case, Mr. Lieber is entitled to the unpaid wages as well as liquidated damages in the same amount ($22,014.42), pursuant to RSA 275:44, IV.

90.     The gross amount of $22,014.42 represents 241 earned hours of PTO (taking into account the 20 hours for which Defendants paid Mr. Lieber on December 1, 2020 and the 3 additional hours that were paid January 4, 2021).

91.     Mr. Lieber is also entitled to attorneys' fees and costs pursuant to RSA 275:53, III.

Respectfully submitted,

DANIEL P. LIEBER, Plaintiff

By His Attorneys
UPTON & HATFIELD, LLP

Date:   November 5, 2021                    By: /s/ Heather M. Burns
                                                     Heather M. Burns (NHBA #8799)
                                                     Lauren S. Irwin (NHBA #10544)
                                                     10 Centre Street, PO Box 1090
                                                     Concord, NH 03302-1090
                                                     (603) 224-7791
                                                     hburns@uptonhatfield.com

# EXHIBIT A

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: **Daniel Lieber**
**1 Elm Street**
**Wakefield, MA 01880**

From: **Boston Area Office**
**John F. Kennedy Fed Bldg**
**15 New Sudbury Street, Room 475**
**Boston, MA 02203**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16D-2021-00145** | **Amon L. Kinsey, Jr.,** **Supervisory Investigator** | **(617) 865-3672** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)*    **Charging Party is pursuing claims in another forum.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

October 25, 2021

**Feng K. An,**
**Area Office Director**

*(Date Issued)*

Enclosures(s)

cc:

**MARQUIS MANAGEMENT LLC**
**1 Delaware Drive**
**Salem, NH 03079**

**Heather Burns, Esq.**
**UPTON & HATFIELD**
**PO Box 1090**
**Concord, NH 03302**