UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DANIEL P. LIEBER, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARQUIS MANAGEMENT, LLC )<br>AND SELECT DEMO SERVICES, LLC, )<br>Defendants. )<br>) | **Case No. 1:21-CV-968-JL** |

## DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendants Marquis Management, LLC and Select Demo Services, LLC (collectively, "Defendants"), hereby submit their First Amended Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

## PARTIES

1.      Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 1.  Defendants therefore deny same and leave Plaintiff to his proof thereon.

2.      Admitted.

3.      Admitted.

## JURISDICTION

4.      Admitted.

5.      Defendants admit that Plaintiff has asserted claims under the ADA, N.H. RSA § 354-A, 275-E, 275:44, and New Hampshire common law; however, by way of further answer, Defendants strenuously deny that Plaintiffs claim have any basis in law or fact.

6.      Paragraph 6 states legal conclusions for which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny Plaintiff's allegation and leave him to his proof. Defendants admit that they are foreign for-profit corporations registered to do business in New Hampshire.  Defendants deny that any unlawful acts were committed, whether in New Hampshire or elsewhere, as alleged in Paragraph 6.  .

7.      Admitted that Plaintiff filed a Charge of Discrimination within the New Hampshire Human Rights Commission and Equal Employment Opportunity Commission but otherwise denies Plaintiff is entitled to relief under the same.

8.      Defendants deny any unlawful employment acts were committed as alleged in Paragraph 8.  Defendants admit Mr. Lieber's Charge was filed within 180 days after his termination.

9.      Admitted that, on or about October 25, 2021, the EEOC issued Mr. Lieber a Notice of Right to Sue with respect to his Charge, and that October 25, 2021 is more than 180 days after April 19, 2021, the date Mr. Lieber filed his Charge.  The remaining allegations in Paragraph 9 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny Plaintiff's remaining allegations and leave him to his proof thereon.

10.     Admitted that Mr. Lieber originally filed a Complaint less than 90 days after the EEOC issued him a Notice of Right to Sue with respect to his Charge.

11.     Admitted that Plaintiff has sued both Marquis Management, LLC and Select Demo Service, LLC.  Denied that Defendants constitute a "single integrated employer."

12.     Denied.  By way of further answer, Defendants state that Marquis Management provides shared services for the Marquis family of companies including human resources,

payroll, benefits, finance, accounting, legal, information technology, corporate management,

business development, website marketing, and social media management.  However, Marquis

Group is a separate organization, and is not a joint employer with Select Demo.

16. Paragraph 13 states legal conclusions to which no response is required.  To the
extent a response is required, Defendants deny same and leave Plaintiff to his proof thereon.

14. Paragraph 14 states legal conclusions to which no response is required.  To the
extent a response is required, Defendants deny same and leave Plaintiff to his proof thereon.

15. Denied.

## FACTS

16. Admitted.

17. Admitted.

18. Defendants admit that Paragraph 18 accurately reflects Plaintiff's salary, but deny

Plaintiff's characterization of his benefits as "significant."  Defendants admit that Plaintiff's

benefits included those listed.  Defendants deny any remaining allegations in Paragraph 18 and

leave Plaintiff to his proof thereon.  By way of further answer, Defendants state that, pursuant to

Marquis Management policy, employees are not entitled to 100% match of 401(k) contributions

until they have been employed for a period of one year and vested after three years. Accordingly,

Plaintiff was not entitled to the match of 401(k) contributions he requested in 2020.

19. Admitted.

20. Defendants admit only that Plaintiff hired BC to the position of Senior Technical

Support & Network Specialist. Defendants lack knowledge or information sufficient to form a

belief as to the truth or falsity of Plaintiff's allegation that it was his "expectation" that BC would

be promoted to Manager of the Help Desk staff and therefore deny that and any remaining

allegations in Paragraph 20.

21.     Admitted that BC has a disability as alleged in Paragraph 21.  However, to the

extent Plaintiff's allegation seeks to imply BC status under the ADA or any other state or federal

law, such allegation constitutes a legal conclusion to which no response is required.  If a

response is required, Defendants deny same and leave Plaintiff to his proof thereon.

22.     Defendants admit only that on or about November 23, 2020, Christopher Moore,

Mr. Lieber's immediate supervisor and Marquis's Chief Financial Officer, and Ryan Dogil,

informed Plaintiff that IT support services would no longer have an office at 40 Lowell Road due

to space issues. Defendants also admit that there is no elevator at that location. The remaining

allegations in Paragraph 22 are denied, and Plaintiff is leave to his proof thereon.

23.     Defendants admit only that Mr. Moore proposed that as an accommodation BC

could use the conference room on the first floor of 40 Lowell Road. Defendants deny that Mr.

Moore ever told Plaintiff that BC would be prohibited from entering the building.  Defendants

deny any remaining allegations in Paragraph 23 and leave Plaintiff to his proof thereon.

24.     Denied.

25.     Denied.

26.     Defendants admit only that Mr. Moore and Mr. Watkins were aware that Plaintiff

had previously requested an accommodation for BC, and that the requested accommodation, in

the form of dual handrails on either side of a single step raised landing in the middle of the

building, had been installed in October 2020.  Defendants deny that Mr. Moore told Plaintiff that

he should not have recommended a change in BC's work area because "that was an ADA

matter." Defendants deny any further allegations in Paragraph 26 and leave Plaintiff to his proof thereon.

27.     Defendants admit only that Mr. Moore informed Plaintiff that BC was not responsible for performing work at 40 Lowell Road. The remaining allegations contained in Paragraph 27 are denied and Plaintiff is leave to his proof thereon.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that it was "clear" to him that Defendants were upset that he had raised this ADA issue on behalf of BC. Therefore, Defendants deny the allegations contained in Paragraph 28, expressly to include the allegation that they were "upset" by providing BC any requested accommodation, and leave Plaintiff to his proof thereon.

29.     Admitted that Mr. Lieber was terminated by Marquis on December 1, 2020. The remaining allegations in Paragraph 29 are denied, and Plaintiff is leave to his proof thereon. By way of further answer, Defendants state that Plaintiff was terminated for several legitimate, non-discriminatory reasons.

30.     Denied that Mr. Lieber made reports of unsafe working conditions and other OSHA violations in October and November 2020. Admitted that Mr. Lieber reported to Mr. Watkins concerns he had regarding a gathering of employees, which he witnessed on or about November 19, 2020, and an employee he believed to be ill, which he observed on or about November 23, 2020.

> (1)     The allegations of the first sentence of Subparagraph 30(1) are admitted only to the extent that a group of employees were found playing corn hole inside company premises and consuming beer. To the extent the allegations of the first sentence of Subparagraph 30(1) relate to New

Hampshire COVID-19 restrictions, such allegations constitute conclusions of law to which no response is required. To the extent a response is required, those allegations are denied. All remaining allegations of the first sentence of Subparagraph 30(1) are denied and Plaintiff is leave to his proof thereon. Denied that Plaintiff "personally experienced" unsafe working conditions. Admitted that Plaintiff contacted Mr. Watkins regarding the group of employees he allegedly witnessed. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations regarding his motivation for reporting to Mr. Watkins, and therefore deny same and leave Plaintiff to his proof thereon.

(2)     Admitted only that Mr. Lieber contacted Mr. Watkins on or about November 23, 2020, complaining that a female employee had the sniffles. Defendants deny the remaining allegations of Subparagraph 30(2), and leave Plaintiff to his proof thereon. Defendants expressly deny Plaintiff's contention that an employee was "actively ill."

(3)     Denied.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation as to what he "believes" to have been a motivating factor in his termination and therefore deny the same. Defendants expressly deny that Plaintiff's reporting of alleged safety issues was a factor leading to his termination.

6

32.     Defendants admit only that Plaintiff was informed that he was being terminated due to lack of a cultural fit. The remaining allegations of Paragraph 32 are denied, and Plaintiff is leave to his proof thereon.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that subsequent to his termination he learned that, on, or about, January 14, 2021 Defendants removed the "disability accessible office" that BC used at 40 Lowell Road.  Defendants therefore deny the allegations of Paragraph 33 and leave Plaintiff to his proof thereon.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that it is his "understanding" that BC previously notified Defendants in writing about an accommodation she requested on or about January 14, 2021. Defendants therefore deny the allegations of Paragraph 34 and leave Plaintiff to his proof thereon.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations regarding what he "understands" to have occurred, and therefore denies same and leaves Plaintiff to his proof thereon.  Defendants admit only that BC met with Mr. Watkins and Ms. Gobron on January 18, 2021 to discuss the topic of accommodations with BC and then again with Mr. Watkins, Ms. Gobron and Mr. Moore on January 25, 2021 to address BC's concerns.  Defendants deny any remaining allegations in Paragraph 35 and leave Plaintiff to his proof thereon.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations regarding information he "learned," and therefore deny the same and leave Plaintiff to his proof thereon.  Defendants deny the remaining allegations in

Paragraph 19 and leave Plaintiff to his proof thereon.

37.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that he "understand[s]" that BC discussed the issue of accommodations with Mr. Fruhbeis on or about March 2, 2021.  Defendants therefore deny the allegations of Paragraph 37 and leave Plaintiff to his proof thereon.

38.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that he "learned" that on or about March 11, 2021, BC was required to double park in an active driveway and had to take a planned meeting in her car. Defendants therefore deny the allegations of Paragraph 38 and leave Plaintiff to his proof thereon.

39.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that it is his "understanding" that BC intended to raise a complaint on March 15, 2021 about Marquis Group's failure to provide a reasonable accommodation.  Defendants therefore deny the allegations of Paragraph 39 and leave Plaintiff to his proof thereon.

40.    Defendants admit only that, on March 15, 2021, BC's position as Senior Technical Support & Network Specialist was eliminated as a result of structural changes that occurred in Marquis Management's Technical Support department.  The remaining allegations of Paragraph 40 are denied and Plaintiff is leave to his proof thereon.

41.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation as to what he "believes" to be true, and therefore denies same and leaves Plaintiff to his proof thereon.  The remaining allegations of Paragraph 41 are denied and Plaintiff is leave to his proof thereon.

42.     Admitted.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation and therefore denies same and leaves Plaintiff to his proof thereon.

44.     Admitted.

45.     Denied.  By way of further answer, Defendants state that at this time Marquis Management policy was changed to provide that all references for former employees were required to go through Human Resources.

46.     Admitted.

47.     Denied. By way of further answer, Defendant Marquis Management advised the recruiter that it could supply dates of employment and last position held.

48.     Admitted that the quoted language was included in Defendants' response to Plaintiff's Charge of Discrimination.  Denied the quoted language constitutes an admission as alleged in Paragraph 48, and Plaintiff is leave to his proof thereon.

49.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation regarding his ability to secure alternative employment and therefore denies same and leaves Plaintiff to his proof thereon.  Defendants deny the remaining allegations in Paragraph 49 and leave Plaintiff to his proof thereon.

50.     Denied.

51.     Denied.

## COUNT I
## ASSOCIATIONAL DISCRIMINATION IN VIOLATION OF ADA/ADAAA

52.     Defendants incorporate herein by reference their responses to each of the allegations contained in Plaintiffs' previous paragraphs.

53.    Paragraph 53 constitutes a legal conclusion to which no response is required.  To the extent a response is required Defendants deny same and leave Plaintiff to his proof thereon.

54.    Denied.

55.    Paragraph 55 constitutes a legal conclusion to which no response is required.  To the extent a response is required Defendants deny same and leave Plaintiff to his proof thereon.

56.    Paragraph 56 constitutes a legal conclusion to which no response is required.  To the extent a response is required Defendants deny same and leave Plaintiff to his proof thereon.

57.    Denied.

58.    Denied.

59.    Denied

60.    Denied.

## COUNT II
## ASSOCIATIONAL DISABILITY DISCRIMINATION IN VIOLATION OF RSA 354-A

61.    Defendants incorporate herein by reference their responses to each of the allegations contained in Plaintiffs' previous paragraphs.

62.    Denied.

63.    Denied.

64.    Denied.

## COUNT III
## RETALIATION – ADA/ADAA

65.    Defendants incorporate herein by reference their responses to each of the allegations contained in Plaintiffs' previous paragraphs.

66.    Denied.

67.    Denied.

68.     Denied.

## COUNT IV
## RETALIATION – RSA 354-A

69.     Defendants incorporate herein by reference their responses to each of the

allegations contained in Plaintiffs' previous paragraphs.

70.     Denied.

71.     Denied.

## COUNT V
## WRONGRUL TERMINATION

72.     Defendants incorporate herein by reference their responses to each of the

allegations contained in Plaintiffs' previous paragraphs.

73.     Denied.

74.     Denied.

75.     Denied.

## COUNT VI
## VIOLATIONS OF RSA 275-E:2

76.     Defendants incorporate herein by reference their responses to each of the

allegations contained in Plaintiffs' previous paragraphs.

77.     Denied.

78.     Denied.

79.     Denied.

## COUNT VII
## CLAIM FOR UNPAID WAGES IN VIOLATION OF RSA 275:44

80.     Defendants incorporate herein by reference their responses to each of the

allegations contained in Plaintiffs' previous paragraphs.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Admitted that the applicable Employee Handbook contains the quoted language.

85.    Admitted.

86.    Admitted that Defendants did not pay Plaintiff the "additional PTO" that he requested and to which he was not entitled.  Denied that Plaintiff is owed unpaid wages in the amount of $22,014.42 pursuant to RSA 275:44.

87.    Denied.

88.    Paragraph 88 constitutes a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 88 and leave Plaintiff to his proof thereon.

89.    Denied.

90.    Denied.

91.    Denied.

## AFFIRMATIVE DEFENSES

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred to the extent he fails to set forth a prima facie case of disability discrimination.

3.    Plaintiff's claims are barred or limited by his failure to mitigate damages, if any.

4.    Defendants acted innocently, in good-faith and with non-willful intent at all times hereto.

5.      Defendants terminated Plaintiff for legitimate, non-discriminatory business reasons, namely his unsatisfactory work performance, and his statement to management.

6.      Defendants reserve their right to assert additional defenses and specifically give notice that they intend to rely on such other defenses that may become available by law, or pursuant to statute, or during discovery proceedings of this case, and hereby reserve the right to amend their pleadings to assert such additional defenses.

7.      Plaintiff's entitlement to damages, if any, is limited pursuant to the provisions of 42 U.S.C. § 1981a.

8.      Plaintiff is not entitled to an award of damages because Defendants engaged in good faith efforts at all times as it relates to any accommodations.

Respectfully submitted,

THE MARQUIS GROUP COMPANIES d/b/a MARQUIS MANAGEMENT LLC and SELECT DEMO SERVICES, LLC

Dated:  December 23, 2022             /s/ *Owen R. Graham*
                                      Christopher H.M. Carter, Esq. (Bar No. 12452)
                                      Owen R. Graham, Esq. (Bar No. 266701)
                                      Hinckley, Allen & Snyder LLP
                                      650 Elm Street, Suite 500
                                      Manchester, NH 03101
                                      Tel.: (603) 225-4334
                                      Fax: (603) 224-8350
                                      ccarter@hinckleyallen.com
                                      ograham@hinckleyallen.com

                                       /s/ *Lisa A. Zaccardelli*
                                      Lisa A. Zaccardelli (CT07983 - *pro hac vice*)
                                      Hinckley, Allen & Snyder LLP
                                      20 Church Street, 18th Floor
                                      Hartford, CT 06103
                                      Tel.: (860) 331-2764
                                      Fax: (860) 278-3802
                                      lzaccardelli@hinckleyallen.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the above date I caused a copy of the foregoing document to be forwarded to Plaintiff's counsel via the Court's electronic filing system.

　　　　　　　　　　　　　 /s/  *Owen R. Graham*
　　　　　　　　　　　　 Owen R. Graham